Reed, J.,
delivered the opinion of the court.
Counsel for appellant relies in argument upon five assignments of error. Upon examination it will be found that the five can be consolidated into one — that the court erred in finding for the defendant. The solution depends entirely upon the evidence, and the cardinal facts are undisputed.
G. K. Hassenplug was the original owner of the property, and had been for an indefinite time. He transferred it or attempted to, by a bill of sale to his brother; he claimed for a cash consideration of $1,000, but still retained the possession. Being pressed for a security for an indebtedness, and not wishing the name of Hassenplug to go upon record as a mortgagor, as it might impair credit, the parties cast about for some escape. It is first contemplated to make the title to the chattels over to a young lady, a typewriter in the office, but she being found to be of the tender age of fifteen years *327 it is abandoned — then appellant is selected. Frank A. Hasr senplug made a bill of sale to him, and he immediately executed a chattel mortgage to secure the debt of G. K. Hassenplug, and united with him in making the note. The possession continued to remain in G. K. Hassenplug up to the time of levying the attachment. The claims of the mortgagee are not involved in the controversy.
It is claimed by appellant that both of the Hassenplug brothers were indebted to him for board, and that the two bills was the consideration by him paid for the property. If such was the case it was unfortunate that he should, at once, be required to convey the property by mortgage to secure the debt of G. K. Hassenplug. Saying nothing of the shuffling, evident collusion and doubts thrown over the bona fides of the two sales, it is evident that the judgment of the lower court must be affirmed. It is not claimed that any possession was ever delivered to either of the supposed purchasers.
Our Statute of Frauds & Perjuries, Vol. 1, p. 1247. sec. 2027, Mill’s Ann. Stat. is as follows : “ If no delivery and no change of possession, void. Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be.fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive.”
The statute and its construction in Cook v. Mann, 6 Colo. 21, Wilcox v. Jackson, 7 Colo. 521, and Bassinger v. Spangler, 9 Colo. 175, are conclusive of this case.
Nothing appears in Sweeney v. Coe, 12 Colo. 485, or Herr v. M. & M. Co., 13 Colo., 406, cited by counsel, to modify or in any way change the former decisions cited. The statute itself is so plain and unequivocal, no interpretation or construction is required.
It is claimed by the learned counsel that the mortgaging *328 of the property by appellant and the recording of the mortgage, took it out of the operation of the statute by giving notice of the ownership, etc. We cannot see how it in any way affected it. If neither F. A. Hassenplug nor appellant had any title, appellant could not make one by executing and recording a mortgage of that property, any more than he could of the property of any other person. How would the making and recording of a chattel mortgage of a long list of chattels by appellant, be notice to anybody of the identity of the chattels with those in the possession and use of G. K. Hassenplug ? If, as contended, the mortgage and recording was notice, they would be no notice that they were the goods in controversy; the legal supposition being that possession was in the mortgagor.
The judgment will be affirmed.

Affirmed.